_____

No. 95-4097
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Arkansas.
Christopher V. Wade,                *
                                    *          [PUBLISHED]
          Appellant.                *


_____

          Submitted:  April 11, 1996

             Filed:  April 22, 1996
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Christopher V. Wade pled guilty to one count of bankruptcy fraud in
violation of 18 U.S.C. § 152 (1994) and one count of knowingly making a
false statement on a loan application in violation of id. § 1014.  The
District Court[1] sentenced Wade to serve two concurrent terms of fifteen
months of imprisonment followed by three years of supervised release.  The
court also required Wade to make restitution in the amount of $112,000 and
to pay an assessment of $100 and a fine of $3000.  Wade now appeals,
arguing that the District Court lacked jurisdiction.  We affirm.

_____

     [1]The Honorable Susan Webber Wright, United States District
Judge for the Eastern District of Arkansas.

The prosecution of this case was undertaken on behalf of the United States by Independent Counsel Kenneth W. Starr following a referral by Attorney General Janet Reno pursuant to 28 U.S.C. § 594(e) (1994). The Independent Counsel also sought and was granted an order of referral for the prosecution from the Division for the Purpose of Appointing Independent Counsels (Special Division). See In re Madison Guar. Sav. & Loan Ass'n, Div. No. 94-1, Order at 1-2, 4 (D.C. Cir. Sp. Div. Dec. 19, 1994). Wade makes two arguments in support of his contention that the District Court lacked jurisdiction. Citing Morrison v. Olson, 487 U.S. 654 (1988), Wade first argues that the Special Division's original grant of authority to the Independent Counsel, and thus necessarily its subsequent grant of an order of referral for the Wade prosecution, violates the Appointments Clause and Article III of the United States Constitution. Second, Wade argues that the Attorney General's referral of this matter to the Independent Counsel was arbitrary, unconstitutional, and in excess of authority because this matter is not related to the Special Division's original grant of authority to the Independent Counsel. We will address each of these issues in turn.

The constitutionality of the independent counsel provisions of the Ethics in Government Act, now codified at 28 U.S.C. §§ 591-599 (1994), was upheld in Morrison v. Olson, 487 U.S. 654 (1988). Wade argues, however, that the appointment of Starr as Independent Counsel and the Special Division's broad grant of authority constitutes an unconstitutional expansion of the Special Division's authority. Wade's first argument thus is not a facial attack on the constitutionality of the statute, an argument that the Supreme Court disposed of in Morrison. Wade's argument is that the statute, as it has been applied in his case, violates the Appointments Clause and Article III of the Constitution.

As Wade explains in his brief, the Supreme Court warned in Morrison that

the Special Division has <u>no</u> authority to take any action or undertake any duties that are not specifically authorized by the Act. The gradual expansion of the authority of the Special Division might in another context be a bureaucratic success story, but it would be one that would have serious constitutional ramifications. . . . [T]he Division's exercise of unauthorized powers risks the transgression of the constitutional limitations of Article III . . . .

<u>Morrison</u>, 487 U.S. at 684-85. Wade is correct that the Special Division has only the authority that the statute confers upon it. His argument nevertheless must fail, for he has not identified the Special Division's action or actions in this case that exceed its statutory authority. The Ethics in Government Act specifically authorizes the Special Division to appoint an independent counsel and define the scope of the counsel's jurisdiction. 28 U.S.C. § 593(b)(1). In order for this case to fall within the scope of the <u>Morrison</u> dicta quoted above, Wade must identify some act of the Special Division that is not authorized by the statute. Wade's arguments on appeal reflect only a disagreement with the Special Division's orders defining the scope of the Independent Counsel's authority. Wade thus has fallen short of demonstrating that the statute has been applied in an unconstitutional manner in his case. Moreover, the portions of the Special Division's order to which Wade most vehemently objects are entirely consistent with the statute. The statute requires the Special Division to grant an independent counsel authority to investigate and prosecute "all matters related to" the subject matter of the Attorney General's original request for appointment of an independent counsel and "Federal crimes . . . that may arise out of the investigation or prosecution of the matter." 28 U.S.C. § 593(b)(3).

Wade's second argument is foreclosed by our decision in <u>United States v. Tucker</u>, No. 95-3268, 1996 WL 112414 (8th Cir. Mar. 15, 1996). In <u>Tucker</u>, this Court held that the Attorney General's decision to refer a matter to an independent counsel is not reviewable. <u>Id.</u> at *5-6. We thus do not have jurisdiction to

-3-

consider Wade's argument that this matter is not related to the Special Division's original grant of authority to the Independent Counsel.

For the reasons stated, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.